The next case for argument this morning is U.S. v. Olsem 21-2356. Mr. Newland, good morning. Zachary Newland Good morning, Your Honor. Zachary Newland for Thomas Olsem. In this case, Your Honor, the district court judge stated that he understood he could order a sentence, and underscores state senates to run consecutive or concurrent, but that he would stand silent on the issue and that the senates would be consecutive unless expressly ordered to be concurrent by the state judge in the future. Before we go too far down the merits, do you agree, Mr. Newland, that we are reviewing this for plain error because it wasn't raised below? Zachary Newland Your Honor, we understand that the government, my friend on the other side, has asserted that this is reviewed under plain error. We believe that it's a mistake of law, which is subject to de novo review, even though it was not raised below. We believe that this case is extremely analogous to United States v. Herman, and so therefore we would still ask the court to review under de novo review. But how do you get around the fact that it was raised, the Supreme Court's opinion was Stetzer was brought up in the PSR, you were on notice of it, and there was no objection? Zachary Newland Well, Your Honor, I think acknowledging Stetzer being brought up in the PSR, and I don't think that necessarily Stetzer in as much applies here because Stetzer involved a case where the defendant was in primary state custody as opposed to primary federal custody. But even if we are under plain error review, we acknowledge that it is a tougher hill to climb, but we think that we could still satisfy plain error in this case, Your Honor. What about Hoffman? How do you get around our opinion in Hoffman? Zachary Newland Well, we think Hoffman is more about the guidelines in 5G 1.3. Hoffman is a case, as the court I'm sure is aware, where the appellant was raising the claim that the district court essentially had to order the sentences to run concurrently based on the 5G 1.3. That's not what we're saying here, Your Honor. Our argument here today is that the district court in its statements acknowledged that it had authority to order consecutive or concurrent, but then functionally did something that was inconsistent with that authority. It said, we believe the district court punted, to use a sports analogy, and said, we're going to let the state court judge way on this. But as far as the Federal Bureau of Prisons is concerned and as far as 18 U.S.C. 3624 is concerned, if the federal district court had any intention of allowing concurrent sentences, he had to order that at the time of the federal sentence. It sounds like he didn't. I think it's an open question, Your Honor, because the federal court judged… But isn't this, isn't this, I just, I mean, I guess, isn't this exactly what Judge Connolly should have done? Judge Connolly imposed a sentence first, right? And so, Judge Connolly says, I'm going to impose the following sentence. What, 10 years. I don't remember what the sentence, what it was exactly. Approximately 10 years, right? Yes, Your Honor. I believe that's correct. 10 years, and I'm going to let, the state court is in a better position to analyze the conduct in the state case and decide whether it's related to this case or whether it's not related to this case, and whether or not the state court judge thinks that the defendant deserves additional time for the state offense. What, what's, I think, I guess, what's wrong with that? Because I think that happens all the time in federal courtrooms across America. It's not unusual, by the way, that federal defendants have pending state, as you well know, I mean, as pending state court cases, right? And a lot of them are hoping to go into state court and make their argument in front of the state court judge that the time should be concurrent. So here, I mean, I guess, if we were to say that Judge Connolly, as an initial matter, has to decide whether it's served consecutively or concurrent, and, you know, in the Seventh Circuit, all judges in these cases had to affirmatively say it's consecutive or it's concurrent. It could do a lot of harm to defendants who would like to make that argument in state court in front of a state court judge after they go in and say, look, I just got whacked by 10, for 10 years from Judge Connolly, and I'm going to serve 85% in the federal penitentiary to have him go easy on me. Certainly, Your Honor, and we agree that it could have a wide range of implications if the court was required to make such a statement in every case or such a determination. Where we think the error was here is that Judge Connolly opened the door and said, I'm not going to touch consecutive or concurrent, but it's going to be consecutive unless someone else comes behind me, someone else who doesn't have the authority to bind the Federal Bureau of Prisons, and says, hey, it's going to be concurrent after the fact. And this is the problem that I believe the Seventh Circuit recognized or the danger in the United States v. Herman, that this circuit court is not in the habit of evaluating federal sentencing decisions based on assumptions about what a future state court judge will or will not do. But Herman, the problem was the court didn't acknowledge that it had the authority to do that. Correct. I believe that was a specific, in Herman he said, I don't object to that, I don't have a problem with that, but I can't control what the state court judge does. But he didn't acknowledge that he had the power to impose a concurrent sentence. Correct. Which was the problem with Herman, which is not what the problem is here. Correct, Your Honor. I think functionally, though, this judge said something saying, I acknowledge that I have the power. But then if you look what he did, functionally, he did something that was inconsistent with that. But what do you do with the final sentence of what he said, which is his term of imprisonment shall run consecutively unless he gets a break from the state court judge, which seems to be an affirmative decision that this is going to be consecutive unless something else happens, after having acknowledged his discretion. Yes, Your Honor, and I think that is the comma unless is the problematic part here. Because the state court judge doesn't have any authority for purposes of the federal sentence to bind the Federal Bureau of Prisons. He wasn't relying on the state court's authority to bind the federal prison, but the state court's authority to dictate its own state sentence. Correct, Your Honor. And our position is that since he didn't say at that time, so even if the state court judge says, hey, it's going to be concurrent, for BOP purposes, it will be treated still as an undischarged sentence that's yet to be served. For purposes of things like inmate custody classification, for purposes of things like scoring under the patterns score, it will increase points for Mr. Olson, so his recidivism risk will go up. But is that only if the state court judge doesn't say the sentence is going to be concurrent? That's only if the federal judge doesn't say the sentence is going to be concurrent. I'm sorry, I missed your point. No, no, no. He's going to serve his federal sentence first, right? Correct. That's the big deal here, because if he was going to serve his state sentence first, it would be the state court judge's inability to bind the federal Bureau of Prisons would be different. But if he's going to serve his federal sentence first, your argument is the Bureau of Prisons will not recognize the state court's order that it be conserved. They'll recognize the order that he has a sentence, but they won't recognize the order that it has to be served concurrently? Correct. For purposes of inmate custody classification. Even though the district court judge here said it has to run concurrent, unless the state court says otherwise. I think you meant the state court judge. Yes, yes. I'm sorry. Yeah, I'm sorry. I think I might have lost you there on that last bit. The only way that it would not impact him negatively for custody classification would be if the federal district court judge at the time of sentencing here in this scenario said it's going to be concurrent. Otherwise, no matter what the state court judge says, the federal Bureau of Prisons under 18 U.S.C. 3624 will treat the multiple terms of imprisonment, which are imposed at different times, as being consecutive. It sounds to me like you have a good legislative argument that you should be making to the Bureau of Prisons, by the way. But here, Judge Connolly, he said it, right? I think that's the problem. He said it's going to be consecutive unless the state court says it's concurrent. So he did make the decision that you want him to make. The other way, though. Correct, Your Honor. But we think if he had wanted to leave the door open for that concurrency argument, then he needed to recognize the fact that he had to make that statement, yay or nay, at the time. So with that, I would respectfully reserve the rest of my time for rebuttal. I see that I'm running out of time. I'm just going to come back real quickly to what Judge Kirsch asked you at the beginning of this. Doesn't this work in your favor? I mean, Judge Connolly has made clear that these are going to run consecutive. But your client still has a shot of getting them concurrent before the state court, which gives him a second bite at it. Isn't that something you want? It does give us a second bite, Your Honor. We do recognize that. At the same time, we think it is a mistake of law, and we think that this court should reverse and remand to fix that. I thought your answer would be that you still have the classification problem in the Bureau of Prisons, which goes to programming, et cetera, et cetera. We do still have the classification problem, which goes to placement, programming, all those sorts of things. And most importantly, I think, from my client's perspective, is it makes him ineligible for placement in pre-release custody. So that would be like a halfway house or home confinement or any sort of home confinement under the CARES Act, which is still ongoing. So as long as you have an undischarged sentence, which isn't treated as concurrent, you're ineligible categorically for those types of placements. Even if your state court judge rules that your state court sentence should be concurrent, you still have those disabilities while serving your federal sentence? Correct. Correct, Your Honor. If the state court – and I'll give you rebuttal time – if the state court judge says concurrent rather than consecutive, can't you go back to the court and ask for a modification? To the federal court? To the federal court, where he's serving his time. Well, I don't know what modification authority you could go under. For the judgment order to reflect concurrent, given the state court's ruling. I don't know the procedural vehicle, Your Honor, that we would use to bring that up. It wouldn't be a motion to vacate. Motion to correct the judgment order. But I think that would go beyond the scope of the procedural vehicle for a motion to correct potentially, Your Honor. That's something that we haven't briefed. Maybe you could use 18 U.S.C. 3582C1A for an extraordinary and compelling reason, theoretically, but I haven't thought about that, Your Honor. Okay, thank you. Thank you. I'll give you some rebuttal time. Good morning, Mr. Stephan. Good morning. May it please the court, the government appears by Corey Stephan. In this case, the defendant, as the court had mentioned in the questions for my colleague, the defendant had notice that Setzer was in play here because of the noting in the PSR, in the paragraph in the PSR. The defendant never objected, nor made a concurrent or consecutive argument. The government's position is the defendant did forfeit its argument, and therefore, the review here is plain error. But frankly, the review would sustain and survive a de novo review as well. There is simply no error here. The district court correctly applied Setzer and properly exercised its discretion regarding imposing either a concurrent or consecutive sentence. The court did not abdicate its authority, as had happened in the Herman case, which the defense cites. In Herman, the district court mistakenly believed that it did not have the authority to order a concurrent sentence, and that was a mistake. However, in our case, in Mr. Olson's case, the court intentionally allowed for a concurrent sentence after recognizing its authority to either sentence a concurrent or consecutive term. And it's very similar, in fact, on point with the Hoffman case, where the district court deferred to a state court. And I believe that the circuit found that that was appropriate. In fact, recognized the much more expansive time period that was at play in the state case there, and that it was appropriate that the federal court had the ability to do that. So that is directly on point here today. And in fact, what had happened is that subsequent to the sentence in this case, the state court, in fact, did give him a concurrent sentence on a domestic offense that predated the date of offense in the indictment. What is your response to the defendant's argument that even though the state court did end up giving him a concurrent sentence, he still had disabilities, if you will, because of this in federal prison? Because the way the BOP treats these things is you still have an undischarged state sentence, so it affects your classification, your qualification for home detention, et cetera, et cetera. So there's still a harm to him. Your Honor, my response would be is that that would have to be something that would be discussed at the time of sentencing. I would term it as a collateral consequence, although it is something that apparently he claims he will suffer from. That is a collateral consequence that was not considered by the district court at the time of sentencing in this case. And as I think Your Honors had asked of my colleague, really allowing federal judges the opportunity to defer to the state where they may have additional information, it allows for the possibility of a benefit to criminal defendants, which Mr. Olson enjoyed in this case by getting a concurrent sentence in state court. Is there a vehicle, Mr. Stephan, that he could go back to the district court and ask for a modification of the judgment or a clear expression that the state court sentence is concurrent, not consecutive, and he could take advantage of the benefits in the BOP because of that? Your Honor, I apologize. I don't know the answer to the procedural question. Whether or not it would change anything, I don't know because Judge Conley specifically said if the state court says concurrent, it will be concurrent. I'm leaving that option open. However, if not, it will be consecutive. And by changing things, I meant within the Bureau of Prisons. What was identified that he wouldn't get the benefit of? I don't know procedurally the answer to that. I apologize. I could supplement if you'd like. Okay. If we want it, we'll ask for it. Thank you. All right. Thank you. So for those reasons, unless the court has any additional questions, the government stands on its brief and asks that the sentence be affirmed in this case. Thank you. Mr. Newland, we'll give you a minute. Thank you, Your Honor. I truly don't have much else. I think the court is aware of the issues here. If the court has any questions, I'm happy to try to answer them. Otherwise, we'd ask for a reversal remit. Mr. Newland, I have a question, but just because I'm curious. Were these arguments made – I don't know if you represented the defendant below or not – but were these arguments made before Judge Conley at sentencing regarding the classification and things like that? No, Your Honor, they were not. Thank you. Thank you. The court will take the case under advisement.